Gray, J.
 


 {Dissenting)
 
 — This is not the case of separate and successive indorsers; the note in question having been drawn payable to the defendants, jointly, as payees, and having been indorsed by both, their indorsement, by legal operation, became joint also. The notice of protest should, therefore, have been directed to both, or the indorsement should have been referred to, as their joint indorsement. The notice served, in this case, being addressed to them, severally, by name, by legal as well as grammatical construction, refers to a separate and individual indorsement of the party addressed, and is, for that reason, insufficient.
 

 The notice, in order to have made it sufficient, in this respect, shou.ld have described it as the note indorsed by the defendants jointly. The notice directed to E. A. Warden, instead of describing the instrument as “S.
 
 *34
 
 Warden’s note, indorsed by you,” should have stated it as “ S. Warden’s note, indorsed by you and F. L. Gris-wold and so, the notice to F. L. Griswold should, in like manner, have described it as “S. Warden’s note, indorsed by you and E. A. Wardenor, if the address of the notice had been to both of the defendants, naming both, instead of one only, then, the notice, in the body, in the form used, would have been sufficient to inform them, respectively, that it was the note indorsed by them, jointly, for S. Warden. For instance, if the notice had been addressed to E. A. Warden and F. L. Griswold, and had then, in its body, stated it as S. Warden’s note “ indorsed by you,” that would have been a sufficient notice that it was a note indorsed by them jointly. The notice is, therefore, defective, on this ground.
 

 But besides this defect for misdirection, which I deem important, the notice was still more clearly and unquestionably defective, in misstating, in the body of the notice, the amount of the note. The amount given in figures, at the head or margin of the notice, formed no essential part of the notice, and, in determining its sufficiency, is entitled to no consideration. Although usual, as a convenient reference to the amount, to prefix or affix to a note the sum in figures, yet, it forms no part, or, at all events, no controlling part, of the instrument. In
 
 Sanderson
 
 v.
 
 Piper
 
 (5 Bing. N. C. 425) and Bacon’s Law Tracts, pp. 99 and 100, cited in note 1, Greenleaf’s ed., vol. 1, p. 432 (3d ed.), where a bill was drawn expressing 2001 in the body, in words, but 2451 in figures in the margin, it was held, that the words in the body must be taken as the true amount to be paid, and that the ambiguity created by the figures in the margin was patent, and could not be explained by paroi.
 

 In no case that I can conceive, can the insertion in the notice of protest, of the figures prefixed to a note, be useful, except in the case where the notice has the note incorporated in it, and it is referred to as a copy» of the
 
 *35
 
 note
 
 in hese verbd.
 
 But in such a case, clearly, as in the case of the note itself, the amount in figures in the margin or prefix, if it varies from that in the body, in words, must yield; and that in the body must be taken as the true amount of the note, as the controlling sum in the notice. Now, apply to the case under consideration, the rule of the cases referred to, and which I consider a rule, not only sound in principle, but preeminently safe in practice, and it will be entirely clear, that the amount given in the body of the notice, in writing, must control, and must be taken as the true amount of the paper protested; and that explanatory paroi evidence, and proof of facts extrinsic of the notice, were inadmissible, and should have been excluded.
 

 The notice given in this case does not, in fact, nor does it pretend to, give a copy of the note, and the prefix thereto of the amount in figures is, consequently, of no importance, nor is it at all serviceable to convey to the defendants that information which it was the office of the notice, and the duty of the bank, to communicate. The amount given in the body of the notice governs, and is the legally controlling, and was, indeed, the only effectual, designation of.the amount of the note. An omission to give the amount of the note altogether, would, under the circumstances of this case, certainly, have been less objectionable, than the insertion of a mistaken sum; yet, no one will pretend, that such an omission would not have been fatal to the notice, in this instance.
 

 The question is not, whether the defendants, by this notice, were or were not misled, but were they so notified thereby, as to become fixed as indorsers. They, doubtless, well knew, in the receipt of these notices, that they had indorsed for S. Warden no such note as the one referred to in the notice; and they were, therefore, not called upon, or at all liable, to take any steps to the security either of the bank, or of themselves. They
 
 *36
 
 were, no doubt, aware, that they had jointly indorsed a note for S. Warden for $600, but of the non-payment of that note by the maker, the notice contained no information, and they had reason, therefore, to conclude that that note was actually paid. The notice of protest of a severally indorsed note for S. Warden for $300, cannot be presumed, nor is it claimed, even by the plaintiffs, in itself, to have given to the defendants information that the note for $600, indorsed by them, jointly, for the same maker, had been protested for non-payment.
 

 The true inquiry is, did the notice, in itself, communicate to the defendants the information which the law holds indispensable to fix them as indorsers? Were they duly advised, by the notice, that the note of $600, indorsed by them, jointly, for S. Warden, had been protested for non-payment ? It is entirely clear, that the notice, in itself, conveyed no such information, and the introduction by the plaintiffs of evidence aliunde, to show knowledge in the defendants, is a virtual concession of the insufficiency of their notice. Besides fixing the liability of the indorsers, the office and object of the notice, is, to give the indorsers an opportunity to provide for their indemnity. The notice in this case was entirely insufficient for that purpose, nor was it sufficient to put the defendants on inquiry; they well knew, that no such note as the one described in the notice had ever been indorsed by them, and until they were .duly notified of the demand and non-payment of the note they had actually indorsed, they were under no obligation to make inquiry or payment. It was not their business, to call on the bank for information on the subject; but it was the business of the bank, to give to the defendants all the information required by law to fix them as indorsers; and having, by a mistake in the notice, failed to do so, the consequences are with the bank, and the defendants are exonerated from the payment of the note.
 

 To be effectual, the notice, must be sufficient in itself;
 
 *37
 
 it should contain, and carry upon its face, all the information essential to the communication of full knowledge to the indorsers; and its sufficiency should not, in any respect, depend upon the proof of facts, or knowledge, extrinsic of the notice. Proof that the note in question was given in renewal for a balance due on one previously indorsed by the defendants for S. Warden, and that this was the only note in the bank, made by S. Warden, and indorsed by them, was, upon principle, as well as the authorities before cited, inadmissible, and should have been excluded.
 

 But allowing that this evidence was properly admitted, even then, it does not aid the notice, or render it sufficient. By the introduction of this evidence, the plaintiffs, as we have already seen, substantially admit the insufficiency of the notice; and the question then is, does this evidence correct the mistake, and supply the deficiency of the notice ? Or, does it establish the position, that by the notice and the existing facts proved, the defendants were duly apprised that their jointly indorsed note for S. Warden, for $600, was protested foi non-payment ? I am of opinion, that it does not.
 

 The effect of the proof, as I view it, was only to show more clearly the insufficiency of the notice. If it provéd anything, it proved that no such note as the one given in the notice was held by the bank, and that, consequently, the defendants were, by the notice, subjected to no duty or liability whatever. To hold that a notice of protest of a note for $300, which the bank did not hold, was a good notice of a note for $600, which it did hold, would be a conclusion inconsistent alike with sound law and sound logic. It would be preposterous to hold, that because the bank held no other note indorsed by the defendants, than the one for $600, therefore the defendants were bound to know, that it was their note for $600 which was referred to in the notice.
 
 *38
 
 The facts proved, did, certainly, not correct, nor, in anywise alter the notice, nor establish its sufficiency.
 

 But the rule, as I understand it, does not admit paroi proof of facts extrinsic of the notice; or, if such is not the clearly-settled rule, it is important, that it should be so settled; a contrary rule would be alike unsound and. unsafe. Indorsers, under a contrary rule, inasmuch as they would be unapprised of the facts which, on the trial, they would have to meet, would, consequently, be unprepared, and would thus be liable, at all times, to surprise and imposition. The evidence in this case, extrinsic of the notice, was inadmissible, and should have been excluded; but giving to it full effect, in either event, the defendants had not notice or knowledge sufficient, to fix them as indorsers. The judgment of the supreme court should be affirmed.